NOT FOR PUBLICATION                    (Docket Entry Nos. 39, 53)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

```
_____ :
                               :
W. DAVID MOTSON,               :
                               :
          Plaintiff,           :   Civil No. 03-1067 (RBK)
                               :
     v.                        :   OPINION
                               :
FRANKLIN COVEY CO.,            :
                               :
          Defendant.           :
_____ :
```

**KUGLER**, United States District Judge:

        Plaintiff W. David Motson and defendant Franklin Covey
Co. sell portable organizers.  This case began when Motson, the
owner/inventor of United States Patent No. 6,264,029 ("the '029
patent" or "the Motson patent"), sued Franklin Covey for patent
infringement.  Franklin Covey counterclaimed for a declaratory
judgment (1) that it had not infringed the '029 patent and (2)
that the '029 patent was invalid.[1]

        Motson moved for partial summary judgment as to the
validity of Claims 1, 5, 6, 7, and 8 in the '029 patent

_____

        [1] By order dated March 4, 2004, this Court dismissed
Franklin Covey's counterclaim as it related to claims 2, 3, and 4
of the '029 patent.

1

("Claims").  Three days later, Franklin Covey moved for summary judgment of non-infringement.  In an opinion and order dated April 8, 2005, this Court granted Franklin Covey's motion, holding that Franklin Covey had not infringed the Claims. Because the "better practice" is to decide the issue of validity (where raised as a counterclaim) even after a finding of non-infringement, <u>see</u> <u>Sinclair & Carroll Co. v. Interchem. Corp.</u>, 325 U.S. 327, 330 (1945), <u>cited with approval in</u> <u>Cardinal Chem. Co.</u> <u>v. Morton Int'l, Inc.</u>, 508 U.S. 83, 100 (1993), this matter now comes before the Court upon (1) Motson's motion for partial summary judgment as to the validity of the Claims and (2) Franklin Covey's motion to strike Motson's reply brief.  For the reasons expressed in this opinion, Franklin Covey's motion to strike will be denied in part and dismissed in part as moot, and Motson's motion for partial summary judgment will be granted in part as to Claim 1 and denied in part as to Claims 5, 6, 7, and 8.

I.        **BACKGROUND**

        The '029 patent is entitled "Portable Organizer." Claim 1 of the '029 patent discloses:

        A portable organizer comprising:

        a foldable case having an interior
        compartment and a plurality of holders
        located therein, said plurality of holders
        including an adjustable clamp for securing a

miniature electronic device, said clamp
including an upper bracket, a lower bracket,
and an elastic member attached to said upper
and lower brackets; at least one of said
brackets being moveable away from the other
of said brackets and said brackets being
biased toward each other by said elastic
member.

United States Patent No. 2,976,985 ("the '985 patent"

or "the Kraus patent") is entitled "Carrying Case for Wet

Paintings."  According to what appears to be, in the '985 patent,

the description of the preferred embodiment:

Means are provided for readily engaging a
corner of the canvas board **20** diagonally
opposite to the corner disposed at the
juncture of the rail members **12** and **13** and
for urging the canvas board toward the rail
members and, by reason of the slanted
surfaces **16** of the rail members, toward and
against panel **10**.  As will appear, the corner
engaging means is readily applicable and
operable regardless of the size or
proportions of the canvas board **20** or other
panel-like object.

United States Patent No. 6,027,218 ("the '218 patent"

or "the Kupniewski patent") is entitled "Viewing System for

Laptop Computers."

Franklin Covey submitted a "Legal Opinion of Invalidity

of U.S. Patent No. 6,264,029," authored by William C. Fuess, Esq.

("Fuess Report"), in opposition to Motson's motion for partial

summary judgment on the validity issue.  (See Franklin Covey's

Opp. Ex. B.)  The Fuess Report is neither sworn nor certified.

Motson served written interrogatories on Franklin

3

Covey.   Those interrogatories asked, in relevant part:

> 2.   Answering separately with respect to
>      each claim of the Patent, set forth in
>      detail and with particularity all
>      factual and legal bases that support
>      your contention that the claim is
>      invalid under 35 U.S.C. § 102 and
>      identify all documents relevant thereto.

> 3.   Answering separately with respect to
>      each claim of the Patent, set forth in
>      detail and with particularity all
>      factual and legal bases that support
>      your contention that the claim is
>      invalid under 35 U.S.C. § 103 and
>      identify all documents relevant thereto.

Franklin Covey objected to Interrogatories 2 and 3 on the grounds that they sought "information which is protected by the attorney-client privilege and/or work product doctrine." Subject to those objections, Franklin Covey responded:

> Every element of claim 1 of the '029
> patent is present within [the '985 patent] .
> . . .

>      . . . Claim 1 of the '029 patent is
> obvious in light of the '985 Patent as well
> as [the '218 patent].

## II.   FRANKLIN COVEY'S MOTION TO STRIKE

Motson's reply brief argues that the Fuess Report does not create a genuine issue of fact as to the validity of the Claims because (1) the report is unsworn; (2) Fuess is not a qualified expert; and (3) the report only relates to Claim 1 of the '029 patent.   Franklin Covey now argues that Motson's reply

4

brief should be stricken because Motson improperly raised these arguments for the first time on reply.

Without reaching the questions of whether Fuess' qualifications or the breadth of the report should have been raised in Motson's original motion papers, this Court holds that Motson properly raised the procedural defects in the Fuess Report for the first time on reply. As Motson correctly points out: "Motson could not possibly have raised this issue in his opening brief. There was nothing to raise. The objectionable procedure did not occur until Defendant made the procedural error of relying on an unsworn document [in opposing a motion for summary judgment]." (Motson's Opp. at 3.) Thus, the cases cited by Franklin Covey in support of its motion to strike are distinguishable. Cf. Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994); Bayer AG v. Schein Pharm., Inc., 129 F. Supp. 2d 705, 716 (D.N.J. 2001); Elizabethtown Water Co. v. Hartford Cas. Ins. Co., 998 F. Supp. 447, 457 (D.N.J. 1998). Therefore, Franklin Covey's motion to strike will be denied in part as it relates to Motson's argument that the Fuess Report is unsworn.

An unsworn expert opinion "is not competent to be considered on a motion for summary judgment." See Fed. R. Civ. P. 56(e); Fowle v. C & C Cola, 868 F.2d 59, 67 (3d Cir. 1999). Because the Fuess Report is unsworn, this Court will not consider

it in ruling upon Motson's motion for summary judgment.  As a result, this Court need not reach Motson's other arguments, raised on reply, as to why the Fuess Report does not create a genuine issue of fact with regard to the validity of the Claims. For this reason, Franklin Covey's motion to strike, as it relates to Motson's other arguments, will be dismissed as moot.


III.       **MOTSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

        "In a patent case, as in any other, summary judgment may be granted where there are no disputed issues of material fact, or when the non-movant cannot prevail on the evidence submitted when viewed in a light most favorable to it." Knoll Pharm. Co. v. Teva Pharm. USA, Inc., 367 F.3d 1381, 1384 (Fed. Cir. 2004) (per curiam) (citations omitted).

        Patent validity is a question of law.  See Graham v. John Deere Co. of Kansas City, 383 U.S. 1, 17 (1966).  "A patent is presumed valid."  Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1562 (Fed. Cir. 1988); see 35 U.S.C. § 282. Further, "[e]ach claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; [and] dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim."  See id.; Dayco Prods., Inc. v. Total Containment, Inc., 329 F.3d 1358, 1370 (Fed. Cir. 2003).  A

party challenging a patent's validity "must establish facts, by clear and convincing evidence, which persuasively lead to the conclusion of invalidity." See Avia, 853 F.2d at 1562.

In its counterclaim, Franklin Covey contends that the Claims are invalid for two reasons.  First, citing 35 U.S.C. § 102, Franklin Covey argues that the Claims are not novel. Second, citing 35 U.S.C. § 103, Franklin Covey argues that the Claims are obvious.  Motson now argues that he is entitled to summary judgment on Franklin Covey's counterclaim of invalidity because "Franklin Covey's 'evidence' [of invalidity] is woefully insufficient."  (Motson's Mem. at 4.)

### A.   CLAIMS 5, 6, 7, AND 8

In support of his motion for summary judgment as to the validity of Claims 5, 6, 7, and 8, Motson argues:

> Interrogatories Nos. 2 and 3 requested that Franklin Covey answer separately with respect to each claim of the Patent when providing "in detail and with particularity all factual and legal bases" that supported its contention that the claim was invalid under Sections 102 or 103.  Franklin Covey's response was limited to claim 1.  It made no response with respect to the remaining Patent claims.

(Motson's Mem. at 4.)  Other than to argue that "[a]ccordingly, there is no evidence by which a reasonable jury could find Patent claims 5, 6, 7 and 8 invalid . . . ," Motson does not explain why Franklin Covey's failure to answer its interrogatories as to Claims 5, 6, 7, and 8 — particularly in light of Franklin Covey's

7

objection to those interrogatories — now entitles him to summary
judgment as to those claims.  (<u>Id.</u>)  Further:

> The general rule governing the use of answers
> to interrogatories is that under
> circumstances they do not limit proof.
> Although in exceptional circumstances
> reliance on an answer may cause such
> prejudice that the court will hold the
> answering party bound to his answer, the
> interrogating party will ordinarily not be
> entitled to rely on the unchanging character
> of the answers he receives and cannot base
> prejudice on such reliance.

Fed. R. Civ. P. 33 advisory committee's note (citing <u>McElroy v.</u>
<u>United Air Lines, Inc.</u>, 21 F.R.D. 100 (W.D. Mo. 1967), <u>Pressley</u>
<u>v. Boehlke</u>, 33 F.R.D. 316, 317 (W.D.N.C. 1963), and <u>Zielinski v.</u>
<u>Philadelphia Piers, Inc.</u>,139 F. Supp. 408 (E.D. Pa. 1956)).
Holding a party bound to his original interrogatory answers would
"reintroduce undesirable aspects of the prior pleading practice,
whereby parties were chained to misconceived contentions or
theories, and ultimate determination on the merits was
frustrated."  <u>See</u> <u>id.</u> (citing Fleming James, Jr., <u>The Revival of</u>
<u>Bills of Particulars Under the Federal Rules</u>, 71 Harv. L. Rev.
1473 (1958)).  Thus, Franklin Covey's original failure to respond
as to Claims 5, 6, 7, and 8 in its interrogatory answers would
not preclude it from challenging the validity of those claims at
trial, particularly where, as here, Franklin Covey objected to
the interrogatories and Motson never moved to compel it to
answer.  <u>See</u> Fed. R. Civ. P. 26(e), 37.  Because Motson provides

8

no other arguments as to why he is entitled to summary judgment that Claims 5, 6, 7, and 8 are not invalid, Motson's motion will be denied in part as to Claims 5, 6, 7, and 8.  See Avia, 853 F.2d at 1560 ("[T]he movant bears the burden of demonstrating the absence of all genuine issues of material fact.").

        **B.   CLAIM 1**

           **1.   <u>Novelty</u>**

        Franklin Covey argues that Claim 1 is not "novel" as required by 35 U.S.C. § 102 because it is anticipated by the '985 patent.  (See Franklin Covey's Resps. Interrogs. at 4.)

        A claim is anticipated by a prior art reference if "one skilled in the art would reasonably understand or infer from the prior art reference's teaching that every claim element was disclosed in that single reference."  See Dayco, 329 F.3d at 1368.

        Motson argues that he is entitled to summary judgment as to Franklin Covey's anticipation argument because the '985 patent does not contain every element and limitation of Claim 1.  (Motson's Mem. at 5.)  Specifically, Motson argues:

        1.   The device covered by the '985 patent is not an "organizer" (see id. at 6);

        2.   The '985 patent does not contain a limitation that there be a "foldable" case (id. at 7);

        3.   The '985 patent does not require a "plurality of

holders" (<u>id.</u>); and

    4.   The '985 patent does not include "an adjustible clamp for securing a miniature electronic device."  (<u>Id.</u> at 8.)

    According to Franklin Covey, the following language of the '985 patent "discloses an adjustable clamp for securing a device":

> Means are provided for readily engaging a
> corner of the canvas board **20** diagonally
> opposite to the corner disposed at the
> juncture of the rail members **12** and **13** and
> for urging the canvas board toward the rail
> members and, by reason of the slanted
> surfaces **16** of the rail members, toward and
> against panel **10**.  As will appear, the corner
> engaging means is readily applicable and
> operable regardless of the size or
> proportions of the canvas board **20** or other
> panel-like object.

The '985 patent clearly discloses a means for securing a panel-like object.  However, Franklin Covey does not argue that said means in the '985 patent consists of an adjustible clamp. Further, Franklin Covey puts forward no evidence that one reasonably skilled in the relevant art would understand said means to consist of an adjustible clamp, let alone understand it to consist of a clamp "including an upper bracket, a lower bracket, and an elastic member attached to said upper and lower brackets; at least one of said brackets being moveable away from the other of said brackets and said brackets being biased toward each other by said elastic member," as specified in Claim 1.

    Patent validity is a question of law.  <u>See</u> <u>Graham</u>, 383

U.S. at 17.  The record contains neither argument nor evidence that the '985 patent discloses an adjustable clamp as specified in Claim 1.  Because the record therefore does not contain clear and convincing evidence that Claim 1 is anticipated by the '985 patent, Motson's motion for partial summary judgment will be granted in part as to Franklin Covey's argument that Claim 1 is not novel.[2]

## 2.   **Non-Obviousness**

Franklin Covey argues that a combination of the '985 patent with the '218 patent renders Claim 1 obvious.  Franklin Covey concludes that Claim 1 is thus invalid as obvious under 35 U.S.C. § 103.

A claim is obvious if the differences between that claim and the prior art "are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said [claim] pertains."  See 35 U.S.C. § 103.  "The presumption of validity is a procedural device that mandates that the party asserting invalidity bears the initial burden of establishing a prima facie case of obviousness under 35 U.S.C. § 103."  Ashland Oil, Inc. v. Delta Resins & Refractories, Inc., 776 F.2d 281, 291

---

[2] For this reason, the Court need not reach Motson's arguments as to whether the device covered by the '985 patent is an "organizer," and whether the '985 patent contains limitations of a "foldable" case and a "plurality of holders."

(Fed. Cir. 1985).

"In applying the test for obviousness, the claimed invention must be considered as a whole, and every limitation of the relevant claims must be suggested in the prior art." <u>Warner-Lambert Co. v. Teva Pharms. USA</u>, 289 F. Supp. 2d 515, 527-28 (D.N.J. 2003) (citing <u>Litton Indus. Prods. v. Solid State Sys. Corp.</u>, 755 F.2d 158, 164 (Fed. Cir. 1985)).  Further, "[w]hen prior art references require selective combination by the court to render obvious a subsequent invention, there must be some reason for the combination other than the hindsight gleaned from the invention itself."  <u>See</u> <u>Interconnect Planning Corp. v. Feil</u>, 774 F.2d 1132, 1143 (Fed. Cir. 1985).

Motson argues that Franklin Covey cannot establish obviousness because (1) "[t]here is no . . . suggestion in the art to combine the Kraus and Kupniewski patents," and (2) "each of the limitations . . . that are absent from the Kraus patent would similarly be absent from any combination of Kraus and Kupniewski."  (<u>See</u> Motson's Mem. at 9.)  Franklin Covey responds that (1) the art does suggest such a combination, and (2) its "evidence to establish the invalidity of the '029 Patent under 35 U.S.C. § 102" in turn establishes a prima facie case of obviousness under § 103.  (<u>See</u> Franklin Covey's Opp. at 12, 13.)

Franklin Covey's argument that the art suggests a combination of the Kraus and Kupniewski patents is based on the

12

Fuess Report (<u>see</u> Franklin Covey's Opp. at 14 (citing Fuess Report at 4 and Ex. B)), which is not competent to be considered on the present motion.  Thus, Franklin Covey's first argument fails.  Franklin Covey's second argument, that the evidence establishes the invalidity of the '029 patent under § 102, was rejected by this Court at Part III.B.1 <u>supra</u>.  Thus, Franklin Covey's second argument fails.

Because the record therefore does not contain clear and convincing evidence that Claim 1 is obvious in light of the Kraus and Kupniewski patents, Motson's motion for partial summary judgment will be granted in part as to Franklin Covey's argument that Claim 1 is obvious.


**IV.**      **CONCLUSION**

Franklin Covey's motion to strike will be denied in part and dismissed in part as moot.  Motson's motion for partial summary judgment will be granted in part as to Claim 1 and denied in part as to Claims 5, 6, 7, and 8.  The accompanying Order shall issue today.


Dated:   June 30, 2005              /s/ Robert B. Kugler
                                ROBERT B. KUGLER
                                United States District Judge

13