NOT FOR PUBLICATION                                  (Docket Entry No. 63)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                   :
W. DAVID MOTSON,                   :
                                   :
        Plaintiff,                 :    Civil No. 03-1067 (RBK)
                                   :
        v.                         :    **OPINION**
                                   :
FRANKLIN COVEY CO.,                :
                                   :
        Defendant.                 :
_____:

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion by W. David Motson, for reconsideration of this Court's Opinion of June 30, 2005 in which the Court denied Motson's motion for partial summary judgment with respect to the validity of Claims 5-8 of the patent-in-suit. For the reasons set forth below, the Court will amend its Order and Opinion of June 30, 2005 to grant Motson's motion for partial summary judgment that Claims 5-8 are not invalid.

I.  **Background and Relevant Facts**

Plaintiff W. David Motson and defendant Franklin Covey Co. sell portable organizers. Motson holds United States Patent No. 6,264,029 ("the '029 patent") for his portable organizer and filed the present suit against Franklin Covey for patent infringement. Franklin Covey then filed counterclaims arguing

that (1) it did not infringe the '029 patent and (2) the '029 patent was invalid. Motson moved for partial summary judgment as to the validity of Claims 1, 5, 6, 7, and 8 in the '029 patent, and Franklin Covey moved for summary judgment as to non-infringement.

After holding that Franklin Covey had not infringed the '029 patent, this Court decided Motson's motion for partial summary judgment on the validity issue.  On June 30, 2005, this Court granted Motson's motion for partial summary judgment as it pertains to the validity of Claim 1 of the '029 patent, but it denied the motion as it pertains to the validity of Claims 5-8.

Specifically, the Court found that Claim 1 was not invalid on novelty and non-obviousness grounds.  The record did not support a finding that Claim 1 was not novel because there was no evidence that the "adjustable clamp" limitation in Claim 1 was disclosed in any prior art.(June 30, 2005 Op. at 10-11).  In addition, the Court found that Franklin Covey failed to establish that Claim 1 was obvious in light of the prior art because: (1)the legal opinion on which Franklin Covey relied was unsworn and could not be considered as competent evidence, and (2) Franklin Covey relied on its novelty arguments to prove obviousness, but the Court had already found them to be deficient grounds for establishing invalidity.(June 30, 2005 Op. at 12-13). Thus, because the record did not contain clear and convincing

evidence of obviousness or anticipation, the Court granted Motson's motion with respect to Claim 1.

By contrast, the Court held that Motson had not met his burden of demonstrating why he was entitled to summary judgment that Claims 5-8 were not invalid. In Motson's original summary judgment papers, he argued that Franklin Covey never disclosed any intention of challenging the validity of Claims 5-8, even though Franklin Covey was directly asked in Motson's interrogatories to state all such validity challenges to all claims of the '029 patent.(Motson's Mem. at 4, filed on 10/15/04). In other words, Motson argued that Franklin Covey should be bound by its interrogatory answers which failed to present any evidence of the invalidity of Claims 5-8.

In rejecting Motson's argument, the Court cited to the general rule that absent exceptional circumstances, "the interrogating party will ordinarily not be entitled to rely on the unchanging character of the answers he receives and cannot base prejudice on such reliance." (June 30, 2005 Op. at 8). Therefore, the Court ultimately denied Motson's motion for partial summary judgment as it pertained to the validity of Claims 5-8. Motson then filed the instant motion for reconsideration.

**II. Reconsideration Standard and Analysis**

Under Local Rule 7.1(g), a motion for reconsideration

must "set[] forth concisely the matters or controlling decisions which counsel believes the Judge . . . has overlooked."  The purpose behind the rule is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  To succeed on a motion for reconsideration, a party must demonstrate at least one of the following grounds: (1) an intervening change in controlling law, (2) the availability of new evidence which was not available when the court decided the motion for summary judgment, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. North River Ins., Co. v. CIGNA Reins, Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  A motion for reconsideration does not offer an opportunity to present new arguments, rehash old arguments, or file dissent with the Court's ruling.

      Motson raises three principal arguments in his motion for reconsideration of the validity of Claims 5-8.  First, Motson argues that Franklin Covey should be bound by its interrogatory answers and precluded from challenging the validity of Claims 5-8 because the Court allegedly overlooked the efforts Motson made to verify the integrity of the interrogatory answers.(Motson's Mem. at 2, filed on 7/15/05).  Second, Motson submits that his reply brief contains additional arguments regarding the validity of Claims 5-8, which he contends the Court also overlooked in its

4

June 30, 2005 opinion.(Motson's Mem. at 4, filed on 7/15/05). Third, Motson asserts that the Court fundamentally erred in denying summary judgment that Claims 5-8 were not invalid when it had simultaneously granted summary judgment that Claim 1 was not invalid. (Motson's Mem. at 6, filed on 7/15/05).

In other words, Motson's third argument is that, as a matter of law, if Claim 1 is not invalid for anticipation or obviousness, then Claims 5-8 are also not invalid because they are dependent upon Claim 1.  Although Motson raises this issue of dependent claims for the first time in this motion for reconsideration, the Court will address the issue now to correct an error that was not previously brought to its attention. Because the Court will grant reconsideration based upon Motson's dependent claims argument, the Court will not reach the merits of Motson's two other grounds for reconsideration of the same issue.

As Motson points out, Claim 1 of the '029 patent is an independent claim and Claims 5-8 are dependent claims. (Motson's Mem. at 6, filed on 7/15/05).  Whereas an independent claim is self-contained, "a claim in dependent form shall contain a reference to a claim previously set forth and then specify a further limitation of the subject matter claimed. A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers." 35 U.S.C.§ 112 para. 4 (2000).  Therefore, all dependent claims are at least as

5

limited as the independent claim upon which they rely because the dependent claims contain all the limitations of the independent claim plus one or more additional limitations. Here, Claims 5, 6, 7, and 8 either incorporate Claim 1 by direct reference, or they incorporate Claim 1 indirectly by referencing another claim, which in turn, contains a direct reference to Claim 1. (Motson's '029 Patent at 5). As a result, Claims 5-8 all clearly depend upon Claim 1.

Motson's motion also points to controlling law which suggests that it is reversible error to find that a dependent claim is invalid due to obviousness or anticipation, when the independent claim to which it relates is *not* invalid due to obviousness or anticipation. See In re Fritch, 972 F.2d 1260, 1267 (Fed. Cir. 1992)("Since dependent claims are nonobvious if the independent claims from which they depend are nonobvious, the Board's affirmance of the rejection of dependent claims 2-7, 9-12, 14-23, and 30 is also reversed."); In re Fine, 837 F.2d 1071, 1076 (Fed. Cir. 1988) (reversing the Board's determination that dependent claims were invalid because "[d]ependent claims are nonobvious under section 103 if the independent claims from which they depend are nonobvious."); Hartness Int'l. Inc. v. Simplimatic Eng'g Co., 819 F.2d 1100, 1108 (Fed. Cir. 1987)(". . . the district court was correct in holding that independent claim 1 was nonobvious. *A fortiori*, dependent claim 3 was

nonobvious (and novel) because it contained all the limitations of claim 1 plus a further limitation. The district court's holding that claim 3 was invalid is reversed."); In re Abele, 684 F.2d 902, 910 (C.C.P.A. 1982) ("In view of our holding with respect to independent claims 33 and 36, the remaining claims, all of which depend from claim 33 or 36, must likewise be proper subject matter for patenting . . . .").

Although this Court technically did not hold that Claims 5-8 were invalid, it left the possibility open for such a determination by not granting summary judgment that Claims 5-8 were not invalid. The cases cited above suggest that dependent claims are, by definition, not invalid where the referenced independent claim has been found not invalid.[1] Therefore, the Court agrees that even though it did not explicitly hold that Claims 5-8 were invalid, it erred in failing to find that they were not invalid when it held that Claim 1 was not invalid.

---

[1] The Court notes that the inverse situation is not governed by a similar rule. That is, where an independent claim is held to be invalid, it is not a necessary conclusion that all the dependent claims related thereto would also be invalid. This is because there is a presumption of validity in patent litigation. See Sandt Tech., Ltd. v. Resco Metal & Plastics Corp., 264 F.3d 1344, 1356 (Fed. Cir. 2001)("All claims are presumed valid independently of the validity of the other claims. Because dependent claims contain additional limitations, they cannot be presumed to be invalid as obvious just because the independent claims from which they depend have also been so found."). However, that is not the situation before this Court. Here, the independent claim is *not* invalid, thus, the dependent claims should also be *not* invalid. See Hartness, 819 F.2d at 1108.

In its opposition papers, Franklin Covey tries to distinguish the foregoing precedents. It argues that "the cases cited by Motson do not involve a situation where evidence will be introduced demonstrating that the claims at issue, claims 5 through 8, were obvious in light of the two prior United states patents." (Franklin Covey's Opp. at 10, filed on 8/04/05). In other words, Franklin Covey wants William C. Feuss to testify at trial that Claims 5-8 are obvious based upon the combination of the Kraus and Kupniewski patents. It is true that Mr. Feuss' report on the obviousness issue was not considered in deciding summary judgment because his report was unsworn. (June 30, 2005 Op. at 5-6). Nevertheless, it is unclear to this Court how Mr. Feuss' anticipated testimony alters the rule regarding dependent claims – a rule which has been repeatedly applied in the Federal Circuit. Indeed, Franklin Covey cites no case law or controlling authority to suggest that Feuss' testimony would allow the court to find dependent claims invalid when it previously determined that the independent claim to which they relate is not invalid. If independent Claim 1 is non-obvious and novel, then regardless of the testimony Mr. Feuss would present, dependent claims 5-8 would also *a fortiori* be non-obvious and novel. See Hartness, 819 F.2d at 1108.

Based on the foregoing precedents, the Court agrees that it was error to deny summary judgment on the validity of

8

Claims 5-8 when it simultaneously granted summary judgment on the validity of Claim 1. In other words, because the Court found that Claim 1 is not invalid, it erred in not considering that Claims 5-8 are similarly not invalid because they are dependent upon Claim 1. To correct this error, the Court will amend its Opinion and Order of June 30, 2005 to grant Motson's motion for partial summary judgment that Claims 5-8 are not invalid.

The accompanying Order shall issue today.

Dated:   10-24-05                    s/ Robert B. Kugler
                                     ROBERT B. KUGLER
                                     United States District Judge